KOZINSKI, Chief Judge,
dissenting:
The majority holds that Otay’s case isn’t ripe because it failed to show that its clean-up actions are consistent with the National Contingency Plan. In the majori-t/s view, this failure makes Otay’s claims “speculative” and “premature.” But we held in Cadillac Fairview/California Inc. v. Dow Chemical Co. that the question of “whether a response action is necessary and consistent with the criteria set forth in the contingency plan is a factual one to be determined at the damages stage of a section 107(a) action....” 840 F.2d 691, 695 (9th Cir.1988). Defendants must therefore wait until “trial to express their concern that the costs incurred by” the plaintiffs “were unnecessary or inconsistent with the national contingency plan.” Id.
None of the defendants moved for summary judgment on ripeness, nor does the district court’s order rest on it. See Otay Land Co. v. United Enterprises, Ltd., 440 F.Supp.2d 1152, 1174 (S.D.Cal.2006) (“[T]he CERCLA action may not yet be ripe for determination, and therefore, subject to dismissal.”) (emphasis added). Consequently, Otay never had the chance to produce evidence on the issue. It strikes me as unfair and inappropriate to dismiss plaintiffs case for failing to present proof when it had no notice proof was needed.
We should remand and give the plaintiff a chance to present evidence as to ripeness. If it has no such evidence, the case will be dismissed soon enough.